UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIRIAM BEARSE, *et al.*,

    Plaintiffs,

    v.

THE PORT OF SEATTLE,

    Defendant.

Case No. C09-0957RSL

ORDER GRANTING
MOTION TO REMAND

## I. INTRODUCTION

This matter comes before the Court on a motion filed by plaintiffs to remand this case to King County Superior Court. Plaintiffs are a group of home owners who contend that the addition of the third runway at SeaTac airport has diminished the value of their property, entitling them to damages and an injunction prohibiting certain types of flights. Plaintiffs contend that defendant, the Port of Seattle, improperly removed this action because this Court lacks subject matter jurisdiction. For the reasons set forth below, the Court grants the motion and remands this case.

## II. DISCUSSION

In June 2009, plaintiffs filed their complaint in King County Superior Court on behalf of themselves and others similarly situated in a putative class action. Defendant promptly removed

ORDER GRANTING
MOTION TO REMAND - 1

the case to this Court.

Plaintiffs assert a claim for damages contending that the third runway at SeaTac has increased flight traffic, and therefore increased noise and pollution, around their property, which has diminished the value of the property. Plaintiffs also seek injunctive relief, requesting that defendant be enjoined from allowing airplanes to arrive and depart from SeaTac via flight paths above or in the vicinity of their property at any time. In the alternative, the complaint seeks injunctive relief to restrict the number of airplanes using SeaTac airport and flying above plaintiffs' property, the altitude at which the airplanes may fly, and the hours the flights can occur, restricting flights to primarily daytime, weekday hours. Plaintiffs also seek to enjoin defendant from permitting airplanes to fly into SeaTac that do not reduce airplane noise over plaintiffs' property and reduce pollution impacts in the vicinity of the property.[1]

Defendant removed the case on July 10, 2009. Defendant contended that grounds for removal existed because plaintiffs asserted a claim under the U.S. Constitution and because "plaintiffs' claims for injunctive relief relating to aircraft flight operations and airport noise arise in an area completely preempted by federal law." Notice of Removal at pp. 3-4.

As the party asserting federal court jurisdiction, defendant has the burden of proving that it exists. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Where, as here, the parties are not diverse, the court must determine whether the complaint affirmatively alleges a federal claim. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). Under the "well-pleaded complaint rule," federal jurisdiction is present "only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar, 482

---

[1] Although defendant contends that plaintiffs have abandoned some of their claims, the Court focuses its analysis on the "pleadings as they exist at the time a petition for removal is filed." Eagle v. AT&T, 769 F.2d 541, 545 (9th Cir. 1985).

ORDER GRANTING
MOTION TO REMAND - 2

U.S. at 392. "A defense that raises a federal question is inadequate to confer federal jurisdiction." Merrill Dow Pharm., Inc. v. Thompson, 478U.S. 804, 808 (1986).

Defendant contends that removal was proper because plaintiffs assert a claim under the United States Constitution. Defendant's decision to remove the case was understandable in light of the clear reference to the United States Constitution and some ambiguous language in the complaint. Complaint at ¶ 6.1 (asserting that the Port's actions were "contrary to the United States Constitution and the Washington State Constitution"); id. at ¶6.4 ("As a result of the inverse condemnation *and* pursuant to Washington Constitution, Article 1, Section 16, . . . .") (emphasis added). However, "state law claims cannot be alchemized into federal causes of action by incidental reference" to federal law. Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998) (citing Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982 (9th Cir. 1997) (explaining that "the mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists.")). Although the complaint references the U.S. Constitution, it does not appear to state a claim thereunder. Rather, Section 6.4 of the complaint demands damages only under the Washington Constitution. Plaintiffs have now represented to the Court that despite their inartful pleading, they did not intend to assert a claim under the United States Constitution. Based on that representation, to which plaintiffs are bound, and the language of the complaint, the Court finds that the complaint does not assert a claim under the U.S. Constitution. The fact that the complaint does not include a federal claim on its face distinguishes this case from those in which a plaintiff pled a federal claim, then sought to effectuate remand by amending the complaint to delete the federal claim. See, e.g., Sparta Surgical Corp., 159 F.3d at 1213 (explaining that a plaintiff cannot effectuate remand by amending the complaint after removal).[2] Accordingly, federal jurisdiction does not

---

[2] Although defendant argues that plaintiffs cannot destroy jurisdiction by pointing out the flaws in their federal claim, this is not such a case. Neither party addressed the merits of any

ORDER GRANTING
MOTION TO REMAND - 3

exist based on the reference to the U.S. Constitution.

In addition to the reference to the U.S. Constitution, defendant contends that preemption supports the Court's jurisdiction. Defendant argues that the injunctive relief plaintiffs seek could require changes to flight routes, schedules, and aircraft noise and emissions, which are all within the purview of federal law. The fact that defendant may ultimately prove that plaintiffs' claims are preempted is insufficient to establish that they are removable to federal court. Caterpillar, 482 U.S. 386 at 398.[3] Although the defense of preemption does not provide jurisdiction, federal jurisdiction is present when claims are asserted in an area of law that Congress "so completely pre-empt[ed]" that the claim "is necessarily federal in character." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987); see also Balcorta v. Twentieth Century Fox Film Corp., 208 F.3d 1102, 1107 (9th Cir. 2000) (explaining that when federal statutes completely preempt an area of state law, "any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law") (internal citations and quotations omitted). Jurisdiction based on complete preemption exists "only when Congress intends not merely to preempt a certain amount of state law, but also intends to transfer jurisdiction of the subject matter from state to federal court." Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002) (citing Metro. Life Ins. Co., 481 U.S. 58 at 65-66).

Defendant contends that plaintiffs' claim for injunctive relief is necessarily federal in character because they have not asserted any state law claim that would provide for injunctive relief. That fact distinguishes this case from others in which state law claims for nuisance,

---

claim under the U.S. Constitution. Plaintiffs' arguments address the wording of the claim, rather than its underlying merits. For that reason, *Barraclough v. ADP Auto. Claims Services, Inc.*, 818 F. Supp. 1310 (N.D. Cal. 1993), a case on which defendant relies, is inapplicable.

[3] The state law cases on which defendant relies relate to the defense of ordinary preemption, not to the jurisdictional issue. Defendant's Opposition at p. 7 (citing Christie v. Miller, 719 P.2d 68 (Or. App. 1986) and Northeast Phoenix Homeowners' Ass'n v. Scottsdale Municipal Airport, 636 P.2d 1269 (Ariz. App. 1981)).

ORDER GRANTING
MOTION TO REMAND - 4

negligence, and trespass were alleged.[4] While the lack of an underlying state law claim may subject plaintiffs' claims to dismissal, it does not necessarily mean that plaintiffs' claims are federal in nature. Rather, to determine if the Court has jurisdiction, the Court must determine whether Congress has "manifested an intent to make causes of action" like this one removable to federal court. Metro. Life Ins. Co., 481 U.S. at 65. In *City of Burbank v. Lockheed Air Terminal, Inc.*, 411 U.S. 624, 633 (1973), the Supreme Court surveyed the Federal Aviation Act ("FAA"), 49 U.S.C. § 40103, and the Noise Control Act of 1972 ("NCA") 42 U.S.C. § 4901 *et seq.* and found that Congress unequivocally intended that the federal government have "full control over aircraft noise, pre-empting state and local control." The Court went on to explain that the Congressional intent left "no room for local curfews or other local controls." Id. at 638. Despite the breadth of those statements, the Supreme Court did not address whether the FAA and NCA so broadly preempted state law as to create federal jurisdiction to support removal. Although defendant contends that *City of Burbank* supports a finding of jurisdiction, it has not been so interpreted. After *City of Burbank* was decided, courts, including the Ninth Circuit, have explicitly stated that the Supreme Court has found that Congress created jurisdictional preemption only in a few statutes. Those statutes have not included the FAA, NCA, or the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. § 41713(b), which amended the FAA. The *Wayne* court explained:

> There are . . . a handful of "extraordinary" situations where even a well-pleaded state law complaint will be deemed to arise under federal law for jurisdictional purposes. The test is whether Congress clearly manifested an intent to convert state law claims into federal-question claims. The United States Supreme Court has identified only two federal acts whose preemptive force is extraordinary: (1) The Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a); and (2) the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.*

---

[4] See, e.g., Vorhees v. Naper Aero Club, Inc., 272 F.3d 398 (7th Cir. 2001) (asserting a state law trespass claim); City of Tipp City v. City of Dayton, 204 F.R.D. 388 (S.D. Ohio 2001) (asserting state law nuisance and tort claims); Denzik v. Regional Airport Auth. of Louisville & Jefferson County, 361 F. Supp.2d 659 (asserting claims for trespass, nuisance, invasion of privacy, and intentional infliction of emotional distress).

ORDER GRANTING
MOTION TO REMAND - 5

Wayne, 294 F.3d at 1183-84[5] (quoting Holman v. Laulo-Rowe Agency, 994 F.2d 666, 668 (9th Cir. 1993)).  Therefore, although *City of Burbank* might support the defense of preemption, it does not support a finding of complete preemption for jurisdictional purposes.

In fact, in *Wayne*, the Ninth Circuit explicitly held that the ADA "does not provide a basis for federal jurisdiction under the complete preemption doctrine." Wayne, 294 F.3d at 1184-5 (remanding the case for lack of jurisdiction).  Several other courts have found that such jurisdiction does not exist and remanded the cases to state court for lack of jurisdiction.  See, e.g., Vorhees, 272 F.3d at 404 (explaining that the language of the FAA does not evidence Congressional intent to prohibit any state and local regulation of airflight); City of Tipp City, 204 F.R.D. at 394 (citing cases and explaining that since the FAA, as amended by the ADA, does not provide a private right of action, "a state law claim could not be converted into a federal claim under that statute."); Denzik, 361 F. Supp.2d at 662-63.  In contrast, defendant has not cited any cases in which federal jurisdiction was found for removal purposes based on the FAA, NCA, or ADA.  For these reasons, defendant has not shown that the FAA, ADA, or NCA create jurisdiction to support the removal of this case.

Defendant also argues that the Clean Air Act, 42 U.S.C. § 7573, which prohibits states from regulating aircraft emissions unless the regulations are identical to the federal standards, supports removal.  Defendant, however, has not cited any cases in which courts have found that the Clean Air Act evinces Congressional intent to channel cases exclusively into federal court.  Given the "extraordinary" nature of complete preemption, this Court is reluctant to find such intent.  The Court therefore concludes that the subject of this case does not fall within an area that Congress has so completely preempted as to create removal jurisdiction.

Even if preemption does not create jurisdiction, defendant argues that jurisdiction

---

[5] After *Wayne* was decided, the Supreme Court held that sections 85 and 86 of the National Bank Act have the requisite preemptive force to support complete preemption. Beneficial Nat'l Bank, 539 U.S. at 7-11.

ORDER GRANTING
MOTION TO REMAND - 6

nevertheless exists because plaintiffs' request for injunctive relief turns on substantial questions of federal law and therefore "arises under" federal law. That argument has some appeal because plaintiffs have not identified the state law that will be applied to their claim for injunctive relief. However, defendant's "arising under" argument essentially duplicates its preemption argument because the principle underlying jurisdiction based on preemption is that the claim arises in an area of law that is so completely preempted that the claim "arises under" federal law. See, e.g., Sullivan v. American Airlines, Inc., 424 F.3d 267, 272 (2d Cir. 2005); 15 James Wm. Moore, *et al.*, Moore's Federal Practice § 103.45[2] (2009) ("Put another way, in complete preemption cases, federal law so transforms the substantive area that any complaint alleging facts that come within the statute's scope necessarily 'arises under' federal law, even if the plaintiff pleads a state law claim only."). Because the complete preemption jurisdiction argument fails, the "arising under" contention fails as well. Even if the Court were to consider it further, the only authority on which defendant relies, *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), does not support jurisdiction in this case. In *Grable*, the Supreme Court explained that "the national interest in providing a federal forum for federal tax litigation is sufficiently substantial to support the exercise of federal-question jurisdiction" over the issue of notice of a tax-delinquency seizure. Grable, 545 U.S. at 310. Defendant has not shown that the principle, which appears narrow, has been applied in the aviation context, and the cases cited above suggest that it has not. In fact, accepting defendant's argument would seem to eviscerate the jurisdictional distinction between complete preemption and the defense of preemption, the latter of which necessarily raises significant issues of federal law but does not provide jurisdiction. Nor did the *Grable* decision intend to open "federal courts to any state action embracing a point of federal law." Id. at 314. Moreover, the fact that the FAA, as amended by the ADA, does not provide a private right of action is evidence that Congress did not intend to create federal court jurisdiction in this area. Id. at 318 (explaining that the absence of a private right of action is relevant, but not dispositive, to determining Congressional intent for

jurisdiction purposes). Finally, the *Grable* Court expressed concern about altering the balance of cases litigated in state and federal courts. Id. at 319 (explaining that "it is the rare state quiet title action that involves contested issues of federal law," so asserting jurisdiction over the case would not affect "the normal currents of litigation."). In contrast, it appears that a significant number of cases that challenge airport operations and raise issues of federal law are filed in state court. In the absence of clear intent from Congress, *Grable* does not support channeling those cases into federal court. For all of these reasons, the Court finds that this Court lacks jurisdiction over plaintiffs' claims. Accordingly, the case should be remanded to state court.

In light of the finding that this case should be remanded, the Court does not address defendant's separately filed motion to dismiss. The state court will be free to consider defendant's preemption arguments.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS plaintiffs' motion to remand (Dkt. #9). The Clerk of the Court is directed to remand this case to King County Superior Court and to close this case.

DATED this 22nd day of September, 2009.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING
MOTION TO REMAND - 8